# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR RODRIGUEZ,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>A.K. SCRIBNER,<br><br>　　　　　Respondent.<br>_____/ | CV F 04-5530 DLB HC<br><br>ORDER GRANTING RESPONDENT LEAVE TO FILE MOTION TO DISMISS, ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION AS UNTIMELY AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT<br><br>[Docs. 24, 26] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. (Court Docs. 3, 14, 19.)

## BACKGROUND

Petitioner was convicted of assault with a deadly weapon, and misdemeanor malicious destruction of property; it was also found true that he had previously been convicted of two prior serious felonies, pursuant to California's Three Strikes law, and the term enhancement that he had served a prior separate prison term. (Answer, p. 5.) Petitioner was sentenced to a total of 25 years to life plus one year for the prior prison term. (Id.)

On direct appeal, Petitioner's convictions and sentence were affirmed by the California Court of Appeal for the Fifth Appellate District on August 8, 2000, and review was denied by the California Supreme Court on October 25, 2000. (Respondent's Lodged Docs. 13 & 15, Notice of Lodging filed February 7, 2005, Court Doc. 18.)

1

Petitioner subsequently filed three state post-conviction collateral challenges to his conviction. The first petition for writ of habeas corpus was filed in the Kern County Superior Court on March 5, 2001, which was denied on March 21, 2001.[1] (Exhibit A, attached to Motion.) The second petition for writ of habeas corpus was filed in the Fifth District Court of Appeal on March 26, 2001, and denied on May 10, 2002.[2] (Exhibit B, attached to Motion.) The third petition for writ of habeas corpus was filed in the California Supreme Court on February 28, 2003, and denied on January 22, 2004.[3] (Exhibit C, attached to Motion.)

Petitioner filed the instant petition for writ of habeas corpus on April 5, 2004, and an amended petition on July 2, 2004. Respondent filed an answer on February 3, 2005, and Petitioner filed a traverse on March 23, 2005. (Court Docs. 16, 22.)

On June 2, 2006, Respondent filed a motion to dismiss the petition as untimely. (Court Doc. 24.) Petitioner filed an opposition on July 11, 2006. (Court Doc. 26.)

I.     Leave to Amend

The instant case is briefed on the merits. However, Respondent has filed a motion to dismiss the petition as untimely. Respondent seeks to raise a statute of limitations defense based on a change in the law which occurred when the Supreme Court issued its opinion in Evans v. Chavis, 126 S.Ct. 846 (2006), on January 10, 2006. Petitioner opposes the amendment.

Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Factors to be considered when ruling on a motion to amend a habeas corpus petition

---

[1] Although the petition was not actually filed in the Court until March 12, 2001, applying the mailbox rule it is deemed filed the date it is signed and handed to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988).

[2] The petition was not actually filed until March 30, 2001; however, again, applying the mailbox rule it is deemed filed March 26, 2001.

[3] The petition was not actually filed until March 7, 2003.

1  include bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and
2  whether or not the party has previously amended his pleadings. <u>Bonin v. Calderon</u>, 59 F.3d 815,
3  845 (9th Cir.1995). Amendment may be disallowed if the amendment would be futile, such as
4  where the amended matter is duplicative or patently frivolous, or where the pleading presents no
5  new facts but only new theories and provides no satisfactory explanation for failure to fully
6  develop the contentions originally. <u>Id</u>. Further, amendment may be prohibited in order to avoid a
7  court's having to entertain piecemeal litigation or collateral proceedings advanced with a purpose
8  to vex, harass, or delay. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1235-1236 (9th Cir.1984). Because
9  Respondent has already responded to the petition, amendment may only occur by leave of court.
10 This is Respondent's first attempt to amend the response. There is no indication that the
11 proposed amended response is being offered in bad faith or with a purpose to vex, harass, or
12 delay. Moreover, the delay in raising the affirmative defense is due to a change in the law. Any
13 prejudice to Petitioner is mitigated by affording Petitioner an opportunity to respond to the
14 amended answer. Considering all factors, it appears that GOOD CAUSE exists for granting
15 Respondent's motion and permitting the amendment. Accordingly, Respondent's motion to file
16 an amended response is granted.

DISCUSSION

II.  Procedural Grounds for Motion to Dismiss

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

    The Supreme Court and the Ninth Circuit have allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See <u>Lonchar v. Thomas</u>, 517 U.S. 314, 325 (1996); <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court

orders a response, and the Court should use Rule 4 standards to review the motion.

Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

III.     Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on April 5, 2004, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1  28 U.S.C. § 2244(d).

2  In most cases, the limitations period begins running on the date that the petitioner's direct
3  review became final.  In this case, the petition for review was denied by the California Supreme
4  Court on October 25, 2000. Thus, direct review concluded on January 24, 2001, when the ninety
5  (90) day period for seeking review in the United States Supreme Court expired. Barefoot v.
6  Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v.
7  Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner had one year until January 25, 2002,
8  absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However,
9  Petitioner delayed filing the instant petition until April 5, 2004.  Absent any applicable tolling,
10 the instant petition is barred by the statute of limitations.

11 IV.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

12 Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed
13 application for State post-conviction or other collateral review with respect to the pertinent
14 judgment or claim is pending shall not be counted toward" the one year limitation period.  28
15 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is
16 tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled
17 during the intervals between one state court's disposition of a habeas petition and the filing of a
18 habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also
19 Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).
20 Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if
21 the state court explicitly states that the post-conviction petition was timely or was filed within a
22 reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Chavis v. Evans,
23 546 U.S. 189, 126 S.Ct. 846 (2006). Claims denied as untimely or determined by the federal
24 courts to have been untimely in state court will not satisfy the requirements for statutory tolling.
25 Id.

26 Petitioner's statute of limitations began to run on January 25, 2001. See Patterson v.
27 Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed.R.Civ.P. 6(a)).
28 ///

5

### A. Limitations Period that Elapsed Before any State Collateral Actions Filed

The statute of limitations period commenced running on January 25, 2001, and continued to run until March 5, 2001, the date Petitioner filed the first state post-conviction habeas corpus petition in the Kern County Superior Court. Therefore, 40 days of the initial one-year period expired as of the time the first state habeas petition was filed, leaving Petitioner 325 days of the limitations period.

### B. Tolling During Period Petitions Were Pending in State Court

As Respondent concedes, Petitioner is entitled to tolling from March 5, 2001, the date the first petition was deemed filed, to March 21, 2001, the date the petition was denied. See Pace v. Diguglielmo, 125 U.S. 1807 (2005). Petitioner is also entitled to tolling from March 26, 2001, the date the second petition was deemed filed, to May 10, 2002, the date the petition was denied. Id. Petitioner is further entitled to tolling from February 28, 2003, the date the third petition was deemed filed in the California Supreme Court, to January 22, 2004, the date the petition was denied. Id.

The statute of limitations was tolled by these three periods - 17 days, 411 days, and 328 days, respectively, for a total time of 756 days.

### C. Tolling During Periods Between Denials of State Petitions and Filings of Subsequent State Petitions

The time during which a properly filed petition for state post-conviction or other collateral review is pending does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, 536 U.S. 214 (2002), the United States Supreme Court held that the time during which a state application is "pending" includes the period between a lower court's denial of relief and filing in a higher court, *provided* that the filing in the higher court is timely under state law.

In Evans v. Chavis, 126 S.Ct. at 852, the Supreme Court held that in the absence of a ruling from the state court, a federal court must decide for itself whether a state habeas petition in a California appellate court was filed "within what California would consider a 'reasonable time.'" In this regard, the Supreme Court stated:

> [I]n doing so, the [Ninth] Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the law of other States, *i.e.* that California's "reasonable time" standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Id. The Court observed that other states generally allow thirty to sixty days for prisoners to take their state collateral review claims to an appellate court. In Chavis, the Court found that there was an unjustified delay of at least six months before Chavis filed a habeas petition in the California Supreme Court.[4] "Six months", said the Court, "is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Saffold, 536 U.S. at 219." Chavis, 126 S.Ct. at 854. Indeed, the Court noted that six months is also "far longer" than the ten days California allows for a party to file a petition for review of a California Court of Appeal decision, whether on direct appeal or habeas corpus, see Cal. Rules of Court, rule 28(e)(1):

> We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay "reasonable." Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in *Saffold*.

Chavis, 126 S.Ct. at 854. The Court concluded that Chavis was not entitled to tolling during the period of delay, and his petition was therefore barred by the AEDPA limitations period. Id.

As Respondent concedes, the gap between the denial of the first petition on March 21, 2001, and the constructive filing of the second petition in the state appellate court on March 26, 2001, is just 5 days, is reasonable.

Respondent argues that the gap between the denial of the second habeas corpus petition, in the state appellate court, on May 10, 2002, and the constructive filing of the third habeas corpus petition, in the state supreme court, on February 28, 2003, i.e. 295 days, was unreasonable. While the Court agrees that the 295 days delay is unreasonable, for reasons set forth below the delay does not end our inquiry.

---

[4] There was no dispute that Chavis had never offered an explanation for this six-month period of inactivity. Chavis, 126 S.Ct. at 854. The Court found no need to decide whether Chavis' proffered excuses for the rest of the three-year interval were adequate.

Although Petitioner delayed 295 days in filing his third state petition for writ of habeas corpus, a portion of this 295 day time frame would have been deemed reasonable by the California Supreme Court. As Respondent submits, in Chavis, the Supreme Court observed that California differed from other states in that California applies a "reasonable time" standard in place of determinate timeliness rules. Chavis, 126 S.Ct. at 852. As previously noted, the Court observed that other states generally allowed thirty to sixty days for prisoners to take their state collateral review claims to an appellate court. Id., at 854 (citing Saffold, 536 U.S. at 219;122 S.Ct. 2134.) Giving Petitioner the benefit of 60 days of tolling for the time most states provide for filing a direct appeal, which the California Supreme Court would no doubt have found reasonable, results in the delay being only 235 days.[5] Thus, the Court finds that under the circumstances of this case, where Petitioner was proceeding in a proper fashion from lower to higher court, Petitioner is entitled to the amount of tolling of which the California Supreme Court would have deemed reasonable (i.e. here 60 days), which, as explained below, renders the instant petition timely.

D. No Tolling From Denial of State Petition by California Supreme Court to Filing Instant Federal Petition

The statute of limitations ran for 40 days, from January 25, 2001, the date of direct review, to March 5, 2001, the date the first state petition for writ of habeas corpus was filed. Then for the reasons explained above, 235 days of the limitations ran from May 10, 2002, the date the appellate court denied the state petition, to February 28, 2003, the date the petition was constructively filed in the California Supreme Court. Thus, 275 days of the limitations expired.

Following the denial of Petitioner's state habeas corpus petition in the California Supreme Court on January 22, 2004, 74 days elapsed before Petitioner filed the petition for writ of habeas corpus in this Court on April 5, 2004. Thus, the total, untolled time between the time the statute of limitations began to run on January 25, 2001, to the date Petitioner filed his petition

---

[5] This is further supported factually by Petitioner's claim in his opposition that on or about May 15, 2002, he received the denial issued by the state appellate court. Then between May 18, 2002 to August 1, 2002, he submitted six law library requests to have the librarian pick up Petitioner's habeas petition for copies; however, his requests were not accommodated. (Opposition, Declaration, at 2.)

in the Court was only 349 days, which is within the 365 day statute of limitations time frame.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss the instant petition as untimely be DENIED; and

2. Because the instant petition is fully briefed on the merits (Court Docs. 16, 22), the Court will issue a ruling on the merits in due course.

IT IS SO ORDERED.

Dated:   **December 19, 2006**            **/s/ Dennis L. Beck**
3b142a                                                   UNITED STATES MAGISTRATE JUDGE