# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR RODRIGUEZ, | CV F 04-5530 DLB HC |
| Petitioner, | ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO DISMISS PETITION AS TIME BARRED |
| v. | |
| DERRAL ADAMS, | [Doc. 28] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

Petitioner filed the instant petition for writ of habeas corpus on April 5, 2004, and an amended petition on July 2, 2004. (Court Docs. 1, 7.)  On February 3, 2005, Respondent filed an answer to the petition, and Petitioner filed a traverse on March 23, 2005. (Court Docs. 16, 22.)  On June 2, 2006, Respondent filed a motion to dismiss based on the Supreme Court's holding in Evans v. Chavis, 546 U.S. 189 (2006). (Court Doc. 25.)  Petitioner filed an opposition on July

---

[1] In its motion for reconsideration, Respondent submits that A.K. Scribner is no longer the Warden, and Derral Adams has succeeded Warden Scribner.  Therefore, Warden Adams shall be substituted as Respondent.  Fed. R. Civ. P. 25(d).

1

1  11, 2006.  (Court Doc. 26.)

On December 20, 2006, the undersigned denied Respondent's motion to dismiss the instant petition as time barred.  (Court Doc. 27.)  Now pending before the Court is Respondent's motion for reconsideration of the Court's December 20, 2006, order.  (Court Doc. 28.)  Petitioner filed an opposition on January 17, 2007.  (Court Doc. 29.)

As set forth by Respondent, the Court's order of December 20, 2006, denied the motion to dismiss, among other things, because the Court found that 60 of the 295 days elapsing between Petitioner's filing of his second and third state habeas corpus petitions in the California courts were statutorily tolled.  Respondent seeks reconsideration of this ruling under Evans v. Chavis, 546 U.S. 189 (2006) and Carey v. Saffold, 536 U.S. 214 (2002), pursuant to Local Rule 78-230(k).

Local Rule 78-230(k) states:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, it shall be the duty of counsel to present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
> (1)    when and to what Judge or Magistrate Judge the prior motion was made,
> (2)    what ruling, decision or order was made thereon,
> (3)    what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and
> (4)    why the facts or circumstances were not shown at the time of the prior motion.

A motion for reconsideration is not the place to ask the Court to reconsider an argument already rejected by the Court.  United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  As the plain text of Local Rule 78-230(k) states, the moving party must show "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

1  To recap, as set forth in the Court's December 20, 2006, order, the statute of limitations began to run on January 25, 2001. It continued to run from January 25, 2001, to March 5, 2001, the date Petitioner filed the first state post-conviction petition in the Kern County Superior Court. Therefore, 40 days of the initial one-year period expired at the time the first petition was filed.[2] There was a 295 day delay between the denial of the second petition on May 10, 2002, and the filing of the third state habeas petition on February 28, 2003. The Court noted that the 295 day delay was unreasonable, however, it held that Petitioner was entitled to "the benefit of 60 days of tolling for the time most states provide for filing a direct appeal, which the California Supreme Court would not doubt have found reasonable," resulting in the delay of only 235 days. As Respondent notes in his motion for reconsideration, the 60 day time frame is pivotal because reduction of the 409 untolled days by 60 days brings the petition's filing date to 349 days from the denial of state appellate proceedings, which is within the 365-day limitations period.[3]

In his motion for reconsideration, Respondent argues that because the filing of the third state petition on February 28, 2003, was undisputably untimely, Petitioner is not entitled to any statutory interval tolling for the entire 295 day delay.

Respondent's motion for reconsideration shall be denied. In rendering the Court's December 20, 2006, decision, the Court considered the Supreme Court's decision of <u>Evans v. Chavis</u>, and <u>Carey v. Saffold</u>, and concluded that a portion of the 295 delay (i.e. 60 day) would have undoubtedly been found reasonable by the California Supreme Court. Where, as here, the instant petition, after giving Petitioner the benefit of tolling, was untimely by only 44 days (409-365 days = 44 days), giving Petitioner the benefit of the time that the California Supreme Court would have found reasonable was properly warranted in this case. Respondent merely asks the Court to rethink what it has already decided. No new facts or circumstances are shown to

---

[2] Petitioner is entitled to tolling from March 5, 2001 to March 21, 2001, the date the first petition was denied. Petitioner is also entitled to tolling from March 26, 2001 (date second petition was filed) to May 10, 2002, the date second petition was denied. Petitioner is further entitled to tolling from February 28, 2003 (the date the third petition was deemed filed) to January 22, 2004, the date the third petition was denied. The statute of limitations was tolled for a total of 756 days, respectively.

[3] Following the denial the state habeas petition in the California Supreme Court on January 22, 2004, 74 days elapsed before Petitioner filed the federal petition for writ of habeas corpus in this Court on April 5, 2004.

warrant reconsideration of the Court's December 20, 2006, order.  Accordingly, Respondent's Motion to Reconsider is DENIED.

     IT IS SO ORDERED.

     **Dated:**   **August 20, 2007**            **/s/ Dennis L. Beck**
                                                                 UNITED STATES MAGISTRATE JUDGE